IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TIMOTHY RAY BAKER,

    Petitioner,                  No. CIV S-09-3360 WBS KJM P

   vs.

JAMES YATES,                    ORDER AND

    Respondent.              FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with an application for writ of habeas corpus under 28 U.S.C. § 2254. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

I.    Petitioner's Motions

        Petitioner has submitted a motion to proceed in forma pauperis. Because plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), the request to proceed in forma pauperis will be granted.

        Petitioner has also requested the appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of

1

counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel.

Petitioner has moved for discovery. The parties in a habeas proceeding are not entitled to discovery as a matter of course. Bracy v. Gramley, 520 U.S. 899, 904 (1997). Rule 6(a) of the Rules Governing Habeas Proceedings under § 2254 authorizes discovery only for good cause. The burden of showing the materiality of the discovery sought is on the party seeking it. Murphy v. Johnston, 205 F.3d 809, 813-15 (5th Cir. 2000). Moreover, a discovery request must be specific. Rule 6(b) states that "[a] party requesting discovery must provide reasons for the request. The request must also include any proposed interrogatories and requests for admission, and must specify any requested documents." Here, petitioner has not given the court good cause to order discovery, nor has he been specific by submitting any proposed discovery requests. Furthermore, the motion is premature: the court's ordinary practice in habeas cases is to consider a motion for discovery only after the court orders and receives an answer from the proper respondent. For all of these reasons, the motion for discovery will be denied.[1]

II.     Recommendation of Dismissal

In his amended habeas petition, petitioner complains about the restitution fine he was ordered to pay in conjunction with his sentence of two life terms plus sixty-five years' imprisonment. The petitioner only attacks the order to pay the restitution fine; he says nothing about the constitutionality of his conviction or term of incarceration. In general, a federal court cannot hear a habeas claim challenging a fine imposed by a state court because an action under 28 U.S.C. § 2254 can only concern the denial of a Constitutional right causing petitioner to be

---

[1] The motion for discovery will be denied without prejudice to allow for renewed consideration should the district judge assigned to this case not adopt the recommendation here that this action be dismissed for lack of jurisdiction. See Section II infra.

1  "in custody" or to have a longer sentence than he would if it were not for the violation. See

2  Williamson v. Gregoire, 151 F.3d 1180, 1183 (9th Cir. 1998). Further, the Ninth Circuit has

3  recently clarified that § 2254 does not confer jurisdiction over a challenge to a restitution order

4  by a prisoner who is still in custody but does not attack the underlying conviction or duration of

5  his physical confinement. The court explained:

> [Petitioner's] challenge to the restitution order lacks any nexus, as required by the plain text of § 2254(a), to his custody. While [petitioner's] liberty has been severely restrained by his conviction and custodial sentence, the remedy [he] seeks, the elimination or alteration of a money judgment, does not directly impact – and is not directed at the source of the restraint on – his liberty. If successful, [petitioner] could reduce his liability for restitution but would still have to serve the rest of his custodial sentence in the same manner; his remedy would affect only the fact or quantity of the restitution that he has to pay the victim. ... That he is in physical custody while attacking the restitution order is insufficient to confer jurisdiction over his habeas petition.

13  Bailey v. Hill, ___ F.3d ___, 2010 WL 1133435 at *4 (9th Cir.). Bailey concerns a fine of

14  restitution imposed under Oregon law, but the reasoning and conclusion of the Ninth Circuit's

15  decision applies with equal force here: petitioner only attacks a fine of restitution imposed under

16  the California law of victim indemnification in effect at the time of his conviction,[2] an order that

17  "lacks any nexus, as required by § 2254, to his custody. ... That [petitioner] is in physical

18  custody while attacking the restitution order is insufficient to confer jurisdiction over his habeas

19  petition." Id.

20  Petitioner also complains of an additional, suspended fine of $10,000 that,

21  according to the petition, will only go into effect "in the event I'm released and my parole is

22  revoked." Id. at 13. This challenge is also barred by the rule affirmed in Bailey.

23  /////

---

[2] The petition cites both California Penal Code § 1202.4 and California Government Code § 13967 as the source of the state court's authority to order restitution. See Pet. at 6, 11 (Docket No. 1). The transcript excerpt attached to the petition shows that the state court entered the restitution order pursuant to California Penal Code § 1202.4. Id. at 23.

3

1           Finally, petitioner claims that his lawyer at trial rendered ineffective assistance of
2  counsel by not objecting to or arguing against the amount of restitution he was ordered to pay.
3  In United States v. Thiele, 314 F.3d 399 (9th Cir. 2002), the Ninth Circuit summarily rejected a
4  prisoner's attempt to couch his attack on a restitution order as a claim for ineffective assistance
5  of counsel. Id. at 402.  The petitioner in Thiele proceeded under 28 U.S.C. § 2255, but the Ninth
6  Circuit's ruling in Bailey makes clear that the textual differences between § 2254 and § 2255 are,
7  in the context of an attack on an order of restitution, "immaterial ... because an attack on a
8  restitution order is not an attack on the execution of a custodial sentence." Bailey, 2010 WL
9  1133435 at *6. Bailey further found that § 2254 and § 2255 are "sufficiently analogous" that
10 "Thiele and [United States v. Kramer, 195 F.3d 1129 (9th Cir. 1999)] support our conclusion that
11 § 2254(a) does not confer jurisdiction over a challenge to a restitution order." Id.  The analogy
12 from § 2255 extends to the instant petition: Thiele's rejection of a claim for ineffective
13 assistance of counsel as an ulterior vehicle for challenging an order of restitution applies with
14 equal force in an action under § 2254.

15           This court can only entertain a petition for writ of habeas corpus on the ground
16 that the petitioner is in custody in violation of the Constitution or laws of the United States.  28
17 U.S.C. § 2254(a).  Petitioner does not challenge the length or fact of his custody.  Therefore, this
18 action should be dismissed for lack of jurisdiction.

19           Petitioner also has filed a motion for sentence modification and a motion for
20 modification for restitution (Docket Nos. 9 and 13), both of which repeat his attack on the state
21 court's imposition of the restitution order.  Both motions merely supplement the argument of the
22 original petition and therefore should be denied for the same reasons this action should be
23 dismissed.
24 /////
25 /////
26 /////

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (Docket No. 2) is granted.

2. Petitioner's motion to appoint counsel (Docket No. 8) is denied without prejudice.

3. Petitioner's motion for discovery (Docket No. 14) is denied without prejudice.

IT IS HEREBY RECOMMENDED that:

1. Petitioner's motion for sentence modification (Docket No. 9) be denied.

2. Petitioner's motion for modification of restitution (Docket No. 13) be denied.

3. This action be dismissed for lack of jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 23, 2010.

_____
U.S. MAGISTRATE JUDGE

4
bake3360.dis